UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RHONDA BENN,<br><br>        Plaintiff,<br>v.<br><br>METRO-NORTH COMMUTER<br>RAILROAD COMPANY,<br><br>        Defendant. | Civil Action No.<br>3: 18-CV-737 (CSH)<br><br><br>JULY 12, 2018 |

**RULING ON PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT**

**HAIGHT, Senior District Judge:**

Plaintiff Rhonda Benn ("Plaintiff") filed this personal injury action in the Superior Court of Connecticut against Defendant Metro-North Railroad Company ("Defendant"). Defendant removed the case to federal court on the basis of diversity jurisdiction. Plaintiff has now moved to remand the matter to state court. This Ruling resolves the motion.

**I. BACKGROUND**

This is an action for damages for injuries Plaintiff claims to have sustained on May 18, 2017, while a passenger on a train operated by Defendant. Plaintiff alleges that the train derailed, causing her to suffer serious injuries.

Plaintiff served the original state court complaint on August 30, 2017. Doc. 1-1. Pursuant to section 52-91 of the Connecticut General Statutes, the complaint contained a demand of monetary

damages in excess of $15,000.[1] Doc. 1-1 at 8. In her complaint, Plaintiff alleged that she suffered "injuries of a serious, painful and permanent nature," including injuries to her cervical and lumbar spines, head trauma, radiculopathy to the upper extremity area, and emotional distress. Doc. 1-1 ¶4. On November 9, 2017, Plaintiff withdrew the third count of her complaint alleging recklessness; Defendant filed an answer to the complaint the same day. Doc. 1-4.

Defendant states that it "reasonably believed" that Plaintiff's injuries were "soft tissue in nature," and based on Defendant's "resolution of numerous similarly pleaded claims arising out of a prior derailment," Defendant thought that the amount in controversy did not exceed the jurisdictional threshold for diversity purposes. Doc. 1 ¶9(e). Defendant contends that it first became apparent that the amount in controversy exceeded $75,000 for the purposes of diversity jurisdiction when Plaintiff served her amended responses to Defendant's discovery requests on April 5, 2018. *Id.* Specifically, Plaintiff included an updated medical summary with bills amounting to $108,240.09. *Id.* ¶9(g).

On May 1, 2018, twenty-six days later receiving Plaintiff's amended discovery responses, Defendant removed the case to federal court. Plaintiff asserts that the removal was untimely pursuant to 28 U.S.C. § 1446, and seeks to have this case remanded to state court.

---

[1] That section provides:
When money damages are sought in the demand for relief, the demand for relief shall set forth: (1) That the amount, legal interest or property in demand is fifteen thousand dollars or more, exclusive of interest and costs; or (2) that the amount, legal interest or property in demand is two thousand five hundred dollars or more but is less than fifteen thousand dollars, exclusive of interest and costs; or (3) that the amount, legal interest or property in demand is less than two thousand five hundred dollars, exclusive of interest and costs.
Conn. Gen. Stat. Ann. § 52-91.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), a defendant in a civil action that has been brought in state court may instead choose to litigate in federal court, if the complaint is one over which the federal court has original jurisdiction. Under 28 U.S.C. § 1446(b),

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b)(1).

If, however, the case stated in the initial pleading is not removable, the thirty-day deadline for the defendant's removal does not begin until receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Here, it is undisputed that the court would have original jurisdiction over the matter in controversy. The parties are diverse: Plaintiff is a citizen and resident of Connecticut; Defendant is "a public benefit corporation created under the Public Authorities Laws of the State of New York" and is a citizen of New York for the purposes of diversity jurisdiction. Doc. 1 ¶ 9(a)-(b). Further, it is now apparent that the amount in controversy exceeds $75,000, as Plaintiff seeks damages in excess of $100,000. *Id.* ¶ 9(g)-(h). What remains to be resolved, however, is whether under 28 U.S.C. § 1446, Defendant timely filed the notice of removal.

The Second Circuit's decision in *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) is instructive. The plaintiff in *Moltner* severely injured herself when hot tea purchased from the defendant, Starbucks Coffee Company, spilled on her leg and foot. *Id.* at 35-6. She then suffered

a number of secondary injuries during her stay in the hospital. *Id.* at 36. Her complaint, filed in New York State Supreme Court, did not state the exact amount of monetary damages sought. *Id.* However, the complaint did describe her injuries, including burns requiring a skin graft; bed sores; a fractured sacrum; and herniated discs. *Id.*

Less than a month after the filing of the complaint, Starbucks served its answer, and on the same date, pursuant to New York State law, served Moltner with a demand for a statement of the total damages she believed herself to be entitled to. *Id.* at 36, n.2. Moltner answered this demand by letter close to sixty days later, stating that the damages she sought did not exceed $3 million. *Id.* Starbucks filed a notice of removal eight days later; Moltner then moved to remand on the basis that Starbucks' removal had been untimely. *Id.* Then-Chief Judge Preska denied Moltner's motion, and the Second Circuit affirmed.

In a *per curiam* opinion, the Second Circuit rejected Moltner's argument that by "applying a reasonable amount of intelligence," Starbucks "should have deduced from the complaint's description of her injuries that the amount in controversy would exceed $75,000." *Id.* at 37. The court instead adopted a "bright line rule," holding that "the removal clock does not start to run until the plaintiff serves the defendant with a paper *that explicitly specifies* the amount of monetary damages sought." *Id.* at 38 (emphasis added). The court reasoned that "[r]equiring a defendant to read the complaint and guess the amount of damages that the plaintiff seeks will create uncertainty and risks increasing the time and money spent on litigation." *Id.*

Following *Moltner*, the Second Circuit spoke to the issue again in *Cutrone v. Mortgage Electronic Registration Systems, Inc.*, 749 F.3d 137 (2d Cir. 2014), in determining that the rule announced in *Moltner* applies to cases removed under the Class Action Fairness Act ("CAFA"). In

*Cutrone*, the Second Circuit clarified that

> [u]nder the *Moltner* standard, defendants must still "apply a reasonable amount of intelligence in ascertaining removability." *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir.2001); *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir.2013). However, defendants have no independent duty to investigate whether a case is removable. *See Whitaker*, 261 F.3d at 206 (observing that the "reasonable amount of intelligence" standard "does not require a defendant to look beyond the initial pleading for facts giving rise to removability"). If removability is not apparent from the allegations of an initial pleading or subsequent document, the 30–day clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered.

*Cutrone*, 749 F.3d at 143. The Court then reaffirmed the *Moltner* "bright line rule requiring service of a document explicitly stating the amount in controversy to trigger either 30–day period in 28 U.S.C. § 1446(b)." *Id.* The Court explained that "a bright line rule is preferable to the uncertainties faced by defendants in determining removability. This approach also avoids courts expending copious time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading or other relevant filing." *Id.* at 145 (quotation marks and citations omitted).

The instant case is indistinguishable from *Moltner*. Plaintiff's complaint does not explicitly specify that the amount of monetary damages sought is greater than $75,000.[2] While the complaint lists injuries that Plaintiff claims to have suffered as a result of the derailment, Defendant was not required to "deduce[] from the complaint's description of her injuries that the amount in controversy

---

[2] Plaintiff's complaint only contains an allegation that the amount in demand is in excess of $15,000, as required by Conn. Gen. Stat. § 52-91. This statement does not speak to whether the jurisdictional amount in controversy exceeds $75,000 for diversity jurisdiction purposes. *See Tross v. Ritz-Carlton Hotel Co., LLC*, No. 3:11-CV-01326(JCH), 2012 WL 603302, at *2 (D. Conn. Feb. 24, 2012) ("Tross' Complaint alleges damages only in excess of $15,000, which . . . does not contain sufficient information on the face of the pleading to allow the defendants to ascertain removability." (citation omitted)).

would exceed $75,000." *Moltner*, 624 F.3d at 37; *see also Artists Rights Enf't Corp. v. Jones*, 257 F. Supp. 3d 592, 595–96 (S.D.N.Y. 2017) ("A defendant's subjective knowledge is not sufficient to start the removal clock. . . . Rather, the specified time for removability begins to run upon the serving of a pleading stating the exact monetary value in damages." (internal quotation and citation omitted)). Because Plaintiff's complaint did not make it clear that the amount in controversy exceeded $75,000, the complaint did not trigger the thirty-day period in which Defendant was required to file a notice of removal.

In analogous circumstances, courts in this Circuit have consistently reached the same conclusion. *See, e.g.*, *Brumfield v. Merck & Co.*, No. 17-CV-6526(JFB), 2018 WL 1955216, at *4 (E.D.N.Y. Apr. 25, 2018) (finding that removal was timely after a subsequent demand for $1 million, where the complaint specified only that plaintiff suffered serious injuries and that the amount of damages claimed exceeded the jurisdictional limits of lower courts); *Rugerio-Serrano v. Makita USA, Inc.*, No. 16-CV-5391(KMK), 2017 WL 2297019, at *3 (S.D.N.Y. May 25, 2017) (finding that although prior to the commencement of the suit, defendants may have been aware through conversations, medical records, and plaintiff's injuries that plaintiff was seeking damages in excess of the jurisdictional amount, under *Moltner* the thirty-day removal clock was not triggered until service of a paper which explicitly stated the amount of monetary damages); *Castillejo v. BJ's Wholesale Club, Inc.*, No. 16-CV-6973(VSB), 2017 WL 1929561, at *3 (S.D.N.Y. May 9, 2017) (rejecting plaintiff's argument that the defendant could intelligently ascertain that plaintiff's claimed damages were in excess of $75,000 based on the description of her injuries in the complaint, citing *Moltner*); *Noguera v. Bedard*, No. 11-CV-4893(RRM), 2011 WL 5117598, at *1 (E.D.N.Y. Oct. 26, 2011) (finding that, under *Moltner*, an allegation of severe and permanent injuries in the complaint

6

is insufficient to establish that the amount in controversy exceeds $75,000). *Cf. Enterprises v. Allen*, No. 15-CV-6675(KAM), 2016 WL 3512176, at *5 (E.D.N.Y. June 22, 2016) (removal untimely where initial complaint sought judgment for "half the proceeds of the sale" of a specific property, and where the defendant admitted he had knowledge that the property's value was more than the jurisdictional threshold).

Plaintiff has not attempted to distinguish this case from *Moltner*; Plaintiff only argues that the time for removal has expired. Plaintiff does not contend that its discovery response setting forth the medical expenses is not an "other paper" as contemplated by 28 U.S.C. 1446; nonetheless, "it is undisputed that discovery responses may constitute such 'other paper,' a term which is read broadly. . . ." *Collins v. Landau*, No. 3:10CV588(JBA), 2010 WL 5069907, at *3 (D. Conn. Dec. 3, 2010) (citations omitted); *see also* 28 U.S.C. § 1446(c)(3)(A). Finally, there has been no evidence submitted that would show that Defendant received written notice that Plaintiff sought damages in excess of $75,000 at any time before the receipt of Plaintiff's updated discovery responses.

In sum, in this matter, the statutory thirty-day removal clock did not begin to tick until Defendant received papers explicitly indicating the amount of monetary damages sought by Plaintiff. Defendant's notice of removal, filed within thirty days of receiving this information, was therefore timely under 28 U.S.C. § 1446(b)(3). Accordingly, Plaintiff's motion for remand must be denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion to Remand* is DENIED.

The foregoing is SO ORDERED.

    Dated:   New Haven, Connecticut
                July 12, 2018

                                        */s/ Charles S. Haight, Jr.*
                                        CHARLES S. HAIGHT, JR.
                                        Senior United States District Judge